IN THE UNITED STATES DISTRICT COURT
OF THE STATE OF DELAWARE

| | |
|---|---|
| ROSA GLOVER,<br>    Plaintiff,<br><br>v.<br><br>PHILADELPHIA MARINE TRADE<br>ASSOCIATION-INTERNATIONAL<br>LONGSHORMEN ASSOCIATION<br>CONTRACT BOARD,<br>    Defendant. | C.A. No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### PARTIES

1. Plaintiff, Rosa Glover ("Plaintiff"), is and at times relevant to this Complaint has been a resident of New Castle County.

2. Defendant, Philadelphia Marine Trade Association-International Longshoremen Association Contract Board ("Contract Board"), is a joint venture formed by two Delaware corporations, the Philadelphia Marine Trade Association ("PMTA") and the Longshoremen of Delaware, Inc., trading as the International Longshoremen Association Local 1694 ("ILA Local"). PMTA can be served through its registered agent, The Corporation Trust Company, at the Corporation Trust Center, 1209 Orange St, Wilmington, Delaware 19801. The Longshoremen of Delaware, Inc., trading as ILA Local 1694, can be served through its registered agent, Arthur Wilson, at 200 S Claymont St, Wilmington, Delaware 19801.

### JURISDICTION

3. Jurisdiction is founded on the existence of a question arising under federal statutes. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 704(a) of Title VII of the Civil Rights Act. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by federal and state law which prohibits discrimination against employees because of their religion.

## FACTUAL BACKGROUND

4. On or about April 26, 2002 Plaintiff began her association with the ILA Local.

5. Through the ILA Local, Plaintiff worked as a dock worker.

6. On or about December 12, 2002, Plaintiff converted to Islam.

7. After her conversion to Islam, Plaintiff adopted traditional Muslim dress. This included the wearing of the traditional Islamic *hajib* ("head scarf") in accordance with her religious beliefs.

8. In or about 2004, the ILA Local contracted with the Philadelphia Marine Trade Association to form the PMTA-ILA Contract Board ("Contract Board").

9. The Contract Board instituted a new contract for existing members of the ILA Local and instituted a new set of policies governing its members.

10. In one of the policies, the Contract Board established three stages of membership for the ILA Local.

11. The three stages of membership are designed to govern members' pay rates, yearly quotas for members' hourly work, and requirements for the advancement of members from one level of membership to the next.

12. Registered casual comprised the first-level and were the lowest stage of membership; secondary work force comprised the second-level of membership; and basic union members were the third and highest level of membership.

13. In addition to the three stages of membership, the new contract required the Contract Board to re-contract with its existing registered casual workers and secondary work force workers.

14. As part of re-contracting, the Contract Board required registered casual members of the ILA Local and secondary work force members, the bottom two levels, to submit to a physical, a strength test and a drug screening test. These members had to pay $250 for their physicals, strength tests and drug tests administered by PMTA selected physicians.

15. The re-contracting process also required registered casual and secondary ILA Local members to have a photo identification card created after they successfully completed physicals, strength tests and drug tests.

16. At the time of re-contracting and at all times relevant to this Complaint, Plaintiff was considered a registered casual member of ILA Local.

17. In or about 2004, Plaintiff completed and passed her physical, strength test and drug screening test. She was then instructed to have her picture taken at the Longshoreman Hall for the purpose of creating her photo identification card.

18. While waiting to get her photo taken, Plaintiff was instructed by Patrick Dolan ("Dolan"), a PMTA Vice President, to remove her head scarf.

19. In response to Dolan's request, Plaintiff informed him that she wore her head scarf for religious reasons and that she was unable to remove it even for the purposes of having her picture taken.

20. Dolan told Plaintiff that she could have her picture taken with her head scarf on but that the photo would probably be deleted and not be included on a valid photo identification card the Contract Board then required of ILA Local members.

21. Plaintiff's photo was taken wearing her head scarf. The head scarf did not obstruct Plaintiff's face, bone structure or jaw line, but rather, covered her hair, a portion of her forehead, and her neck.

22. In or about 2004, registered casual and secondary work force members of the ILA Local who had passed the physicals, strength tests and drug tests and who had their pictures taken for the purpose of creating a photo identification card began receiving copies of their valid photo identification cards.

23. Plaintiff did not receive a copy of her valid work photo identification card.

24. After not receiving her photo identification card, Plaintiff telephoned Dolan in order to question him concerning the status of her photo identification card.

25. Dolan informed Plaintiff that he was unable to answer her questions relating to the status of her photo identification card.

26. Plaintiff then contacted the executive board of the ILA Local to express her concerns regarding the non-receipt of her photo identification card.

27. On or about September 6, 2005, Plaintiff received a copy of a facsimile addressed to Dolan from William M. Spelman, Esquire ("Mr. Spelman") dated May 13, 2005.

28. The facsimile from Mr. Spelman indicated that a longshoreman could be required to remove any and "all headwear when that person has a photograph taken."

29. In essence, Plaintiff could not receive her photo identification unless she agreed to violate her religious beliefs and have her photo taken without her head scarf.

30. Between 2004 and February 2008 Plaintiff attempted to find work as a registered casual member of ILA Local without a valid photo identification card, severely limiting her ability to find work.

31. This prevented Plaintiff from reaching the hourly quotas established for registered casual members of the ILA Local to be promoted to the second-level of membership, the secondary work force.[1]

32. During this time period, Plaintiff was unable to meet the thirteen-hundred hour quotas that the Contract Board had in place for its registered casual members.

33. Plaintiff's inability to progress to the secondary work force was a direct result of the Contract Board denying her access to a valid photo identification work card. Stated differently, her lack of a valid photo identification work card excluded her from employment opportunities, which, in turn, prevented her from reaching the hourly quotas required for promotion to secondary work force membership of the ILA Local.

34. On or about May 3, 2006, Plaintiff's Charge of Discrimination based on religion with the Delaware Department of Labor ("DDOL") was forwarded to the Equal Employment Opportunity Commission ("EEOC").

35. On or about March 30, 2007, DDOL informed Plaintiff that a mandatory conciliation between the parties would be held on April 13, 2007. During the

---

[1] Registered casual workers are required to work thirteen-hundred hour quotas in order to be promoted to the secondary work force.

negotiations conducted by the Delaware Division of Industrial Affairs, Plaintiff and the Contract Board reached an agreement as to an acceptable picture for her work identification card.

36. In or about August 2007, Dolan, acting on behalf of the Contract Board, and Plaintiff arranged for her to have a second picture taken of herself for inclusion on her valid photo identification work card. In this picture, Plaintiff would adjust her head scarf in such a manner as to reveal her entire face up to her hair line, without including any of her hair.

37. On or about December 2007, Plaintiff received an official Notice of Suit Rights from the EEOC dated December 4, 2007, attached hereto as Exhibit 1.

38. In or about February 2008, Plaintiff had a second picture of herself taken for use on her registered casual card. In this picture Plaintiff pulled her scarf back to her hair line to create maximum face exposure while keeping her hair covered.

39. Plaintiff's lack of a valid photo identification work card has caused her status to remain that of a registered casual ILA Local member because she could not meet her required hour quotas.

40. Her inability to make the required hour quotas prevented her from being promoted from a registered casual ILA Local member to a member of the ILA Local's secondary work force. This resulted in significant wage loss.

41. Plaintiff was denied promotional opportunities because she was unable to accumulate enough work hours to qualify for the secondary work force.

### FIRST CAUSE OF ACTION
### Title VII - Religious Discrimination

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41 of this Complaint by reference as though fully set forth at length herein.

43. The practices of Defendant as complained of above, have/had the effect of depriving Plaintiff of equal employment opportunities and otherwise affect/affected her employment because of her religion. The practices employed by Defendant were intentional and were done with malice and/or reckless indifference to the federally-protected rights of Plaintiff.

44. As a direct and proximate result of said acts of Defendant, Plaintiff has suffered, and continues to suffer, loss of employment opportunities, loss of income, loss of other employment benefits and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment and damages to her reputation.

45. Defendant's discrimination was willful, wanton and malicious. As a result, Plaintiff is entitled to an award of compensatory and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Issue a judgment against Defendant in Plaintiff's favor, providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary for damages suffered by Plaintiff and to eradicate the effects of Defendant's actions and unlawful employment practices;

(b) Issue a judgment against Defendant in Plaintiff's favor, ordering Defendant to provide compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial, and other affirmative relief necessary for damages suffered by Plaintiff and to eradicate the effects of Defendant's actions and unlawful employment practices;

(c) Issue a judgment against Defendant in Plaintiff's favor, ordering Defendant to provide compensation for past and future pecuniary losses, in amounts to be determined at trial;

(d) Issue a judgment against Defendant, and in Plaintiff's favor, ordering Defendant to pay punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial;

(e) Issue a judgment against Defendant in Plaintiff's favor, ordering Defendant to pay the costs of reasonable attorneys' fees and expenses as provided by 42 U.S.C. § 2000e-5(f)(1) and (3); and

(f) Issue a judgment against Defendant in Plaintiff's favor, for damages suffered by Plaintiff as a result of Defendant's actions, including, but not limited to, back pay, front pay, benefits (both retroactively and prospectively), advancement in rank to secondary work force union membership, compensatory damages, punitive damages, attorneys' fees, the cost of this litigation, pre- and post-judgment interest and such other further relief as this Honorable Court deems just and proper.

MARTIN & WILSON, P.A.

JEFFREY K. MARTIN, ESQUIRE
TIMOTHY J. WILSON, ESQUIRE
DE State Bar I.D. No.: 2407
DE State Bar I.D. No.: 4323
1508 Pennsylvania Ave
Wilmington, DE 19806
(302) 777-4681
jmartin@martinandwilson.com
twilson@martinandwilson.com
*Attorneys for Plaintiff*

DATED:   March 3, 2008

# EXHIBIT 1

EEOC Form 161 (10/96)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Rosa Glover
404 Longfield Road
Newark, DE 19713

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2006-00895 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*     December 4, 2007

Marie M. Tomasso, District Director     *(Date Mailed)*

Enclosure(s)
    Information Sheet

cc: Philadelphia Marine Trade Assoc.
Vincent Pentima, Esquire (For Respondent)

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rosa Glover

**DEFENDANTS**
Philadelphia Marine Trade Association-International Longshoremen Association Contract Board

(b) County of Residence of First Listed Plaintiff: New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Jeffrey K. Martin
Martin & Wilson, P.A.  1508 Pennsylvania Ave
(302) 777-4681  Wilmington, DE 19806

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964
Brief description of cause: Discrimination based on religion

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/3/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 8 - 1 2 2

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

_3/3/08_  
(Date forms issued)

_____  
(Signature of Party or their Representative)

Thomas Miller  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action