IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSA GLOVER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 08-122 |
| | : | |
| PHILADELPHIA MARINE TRADE | : | |
| ASSOCIATION - INTERNATIONAL | : | JURY TRIAL DEMANDED |
| LONGSHOREMEN ASSOCIATION | : | |
| CONTRACT BOARD | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS**

BUCHANAN INGERSOLL & ROONEY PC

Jennifer M. Becnel-Guzzo (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant*

Dated: May 1, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

I.   INTRODUCTION ........................................................................................................ 1

II.  NATURE AND STAGE OF THE PROCEEDINGS .................................................. 1

III. SUMMARY OF THE ARGUMENT ........................................................................... 2

IV.  STATEMENT OF FACTS ........................................................................................... 4

V.   ARGUMENT ................................................................................................................ 6

    A.   Governing Legal Standard ................................................................................ 6

    B.   Plaintiff's Claim Should be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted Because the Claim is Time-Barred ................................. 7

VI.  CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Arasteh v. MBNA America Bank, N.A.*, 146 F.Supp.2d 476, 490 (D. Del. 2001) .................... 2, 7, 8

*Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) ............. 6

*Carter v. Taylor*, 2008 WL 839204, 1 (D. Del. 2008) ................................................................. 6

*Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) ................. 6

*Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ....................... 6

*Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (2007) .............................. 3, 9, 10

*Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ............................................. 6

*Riley v. Del. River and Bay Auth.*, 457 F.Supp.2d 505, 508 (D. Del. 2006) .............................. 2, 6

*Washington v. Autozoners, Inc.*, 452 F.Supp.2d 546, 552-53 (D.Del. 2006) ................................. 8

**Statutes**

42 U.S.C. § 2000e .............................................................................................................................. 1

42 U.S.C. § 2000e-5(e) ...................................................................................................................... 7

I.  **INTRODUCTION**

Defendant Philadelphia Marine Trade Association - International Longshoremen Association Contract Board hereby moves this Court to dismiss this cause of action pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. Because the Plaintiff's underlying charge of discrimination was not timely filed with the EEOC, the Complaint should be dismissed.

II. **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Rosa Glover ("Plaintiff") is a dock worker who began working through the International Longshoremen Association Local 1694 ("ILA Local") in April, 2002. Complaint, ¶¶ 4-5.[1] On or about December 12, 2002, Plaintiff converted to Islam. Complaint, ¶ 6. Defendant Philadelphia Marine Trade Association - International Longshoremen Association Contract Board ("Contract Board") is a joint venture formed by two Delaware corporations, the Philadelphia Marine Trade Association ("PMTA")[2] and the ILA Local. Complaint, ¶ 2. Plaintiff filed her Complaint (D. I. 1) with this Court on March 3, 2008, alleging one cause of action for religious discrimination, pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, as amended.

---

[1] For purposes of the instant Motion only, the facts alleged in Plaintiff's Complaint are to be taken as true. However, Defendant's recital of the factual allegations of the Complaint is not, and should not be construed as, an admission of those factual allegations.

[2] The PMTA is an association of employers who use ILA workers along the ports of the Delaware River.

III. **SUMMARY OF THE ARGUMENT**

    1.    Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action for failure to state a claim upon which relief may be granted. If a complaint is insufficiently pled, and "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted," a complaint must be dismissed under Rule 12(b)(6). *Riley v. Del. River and Bay Auth.*, 457 F.Supp.2d 505, 508 (D. Del. 2006).

    2.    In Delaware, a charge of discrimination must be filed with the DDOL or EEOC within 300 days of the alleged discriminatory practice. *Arasteh v. MBNA America Bank, N.A.*, 146 F.Supp.2d 476, 490 (D. Del. 2001). That time limit for filing a charge for violation of Title VII is triggered "when the employee knew or should have known that he or she was discriminated against." *Id.* at 493.

    3.    Plaintiff filed her charge with the DDOL, and it was forwarded to the EEOC, on May 3, 2006. Accordingly, all claims occurring before July 7, 2005 fall outside the 300 day limitations period and cannot support a claim for religious discrimination pursuant to Title VII.

    4.    The alleged discriminatory practice challenged by Plaintiff is the Contract Board's failure to provide her with a photo identification card "in or about 2004" -- at least 488 days prior to Plaintiff filing a charge. Plaintiff was on notice of the alleged discriminatory act at that time. Accordingly, her claim is barred by Title VII's statute of limitations and must be dismissed.

5.    Any attempt by Plaintiff to allege that her claim is timely due to the continuing effects of the alleged discriminatory act (Defendant's failure to provide her a photo identification card) fails pursuant to *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (2007).

6.    Because no review of the facts alleged, regardless of how liberally construed, can support the inference that the incident that Plaintiff claims constitutes religious discrimination took place within the limitations period, the Complaint should be dismissed in its entirety.

## IV. STATEMENT OF FACTS

Plaintiff Rosa Glover ("Plaintiff") began working as a dock worker, through her association with the ILA Local, on or about April 26, 2002. Complaint, ¶¶ 4-5. On or about December 12, 2002, Plaintiff converted to Islam, and thereafter adopted traditional Muslim dress including the traditional *hajib*, or head scarf. Complaint, ¶¶ 6-7.

In or about 2004, the ILA Local contracted with the PMTA to form the PMTA-ILA Contract Board, the Defendant in this action, which instituted a new contract for existing members of the ILA Local and instituted a new set of policies governing those members. Complaint, ¶¶ 8-9. The Contract Board's policies required "registered casual" members of the ILA Local, such as Plaintiff, to submit to a physical, strength test, and drug screening test. Complaint, ¶¶ 14, 16. The Contract Board also required registered casual members to have a photo identification card created after successfully completing the tests. Complaint, ¶ 15.[3]

As a registered casual member, in or about 2004, Plaintiff passed her tests and therefore was instructed to have her photograph taken for the photo identification card. Complaint, ¶ 17. While waiting to have her photo taken, Plaintiff was informed by Patrick Dolan ("Dolan"), PMTA Vice President, to remove her head scarf for her photo. Complaint, ¶ 18. Plaintiff told Dolan that she wore the heard scarf for religious reasons and that she was unable to remove it to have her picture taken. Complaint, ¶ 19. Dolan then told Plaintiff that she could have her picture taken with her head scarf on, but the photo would probably not be

---

[3] The Contract Board established three levels of membership for the ILA Local, which are, from lowest level to highest level: 1) registered casual, 2) secondary work force, and 3) basic union member. Complaint, ¶10-12. Both registered casual and secondary work force members were required to submit to the testing and photo identification card requirements described above. Complaint, ¶14-15.

4

included on the required identification card. Complaint, ¶ 20. Plaintiff's photo then was taken with her wearing the head scarf. Complaint, ¶ 21.

Subsequently, in or about 2004, registered casual and secondary work force members who had passed the required tests and had their pictures taken for the photo identification card began to receive their photo identification cards. Complaint, ¶ 22. Plaintiff did not receive a copy of her photo identification card. Complaint, ¶ 23. Plaintiff then contacted both Dolan and the executive board of the ILA Local to express her concerns regarding the non-receipt of her photo identification card. Complaint, ¶¶ 24 - 26.

According to the Complaint, at least 9 months later, on or about September 6, 2005, Plaintiff received a copy of a fax dated May 13, 2005, from William P. Spelman, Esq. to Dolan, which indicated that an ILA member could be required to remove all headwear when that person has a photograph taken. Complaint, ¶¶ 27-28.

Plaintiff alleges that the Contract Board's failure to provide her with a photo identification card severely limited her ability to find work from 2004 until February 2008. Complaint, ¶30. Plaintiff further alleges that her inability to find work resulted in her not being promoted to the second level of ILA Local membership, the secondary work force. Complaint, ¶¶ 31-33.

On May 3, 2006, Plaintiff's Charge of Discrimination based on religion with the Delaware Department of Labor ("DDOL") was forwarded to the EEOC. Complaint, ¶ 34.

5

V. **ARGUMENT**

    A. <u>**Governing Legal Standard**</u>

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering such a motion to dismiss, the Court must accept all facts contained in the complaint as true, and view them in the light most favorable to the plaintiff. *Carter v. Taylor*, 2008 WL 839204, 1 (D. Del. 2008)(citing *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)). A complaint must recite sufficient facts and information to provide notice and the grounds on which the claim rests. *Id.* (citing *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Therefore, "'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 234. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.*

If a complaint is insufficiently pled, and "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted," a complaint must be dismissed under Rule 12(b)(6). *Riley v. Del. River and Bay Auth.*, 457 F.Supp.2d 505 (D. Del. 2006). Because no review of the facts alleged, regardless of how liberally construed, can support the inference that the incident which Plaintiff alleges is

6

discriminatory took place within the limitations period set by Title VII, the Complaint should be dismissed in its entirety.

    **B.**    <u>**Plaintiff's Claim Should be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted Because the Claim is Time-Barred**</u>

Title VII requires aggrieved persons to file a complaint with the EEOC "within one hundred and eighty days after the alleged unlawful practice occurred." 42 U.S.C. § 2000e-5(e). However, because Delaware has its own fair employment practices agency (DDOL) and engages in a work-sharing agreement with the EEOC, aggrieved persons in Delaware may rely on an exception to this rule which provides for a 300 day statute of limitations. *Arasteh v. MBNA America Bank, N.A.*, 146 F.Supp.2d 476, 490 (D. Del. 2001). Accordingly, Plaintiff is limited to pursuing claims of discrimination which occurred no more that 300 days prior to the date she filed her charge. *See id.* Plaintiff filed her charge with the DDOL on May 3, 2006. Accordingly, all claims occurring before July 7, 2005 fall outside the 300 day limitations period and cannot support a claim for religious discrimination pursuant to Title VII.

Plaintiff alleges that the Contract Board discriminated against her on the basis of her religion because it did not issue her a photo identification card after she refused to remove her head scarf in the subject photograph. According to the Complaint, Plaintiff sat for the photograph for her identification card "in or about 2004." Complaint, ¶ 17. At that time, PMTA Vice President Pat Dolan told her that she would probably not be issued a card because she did not remove her head scarf. Complaint, ¶ 20. Also, "in or about 2004," the photo identification cards were distributed to the other members of the ILA Local who had sat for pictures. Complaint, ¶ 22. Plaintiff did not receive a card. Complaint, ¶ 23. She responded by

7

contacting both Dolan and the executive board of the ILA Local regarding her failure to receive a photo identification card. Complaint, ¶¶ 24-26.

The time limit for filing a charge for violation of Title VII is triggered "when the employee knew or should have known that he or she was discriminated against." *Arasteh*, 146 F.Supp.2d at 493 (citations omitted). According to the Complaint, Plaintiff clearly should have known, and indeed did believe, that she was being discriminated against sometime in 2004 when the photo identification cards were distributed to the other members of the ILA Local that had passed their tests and sat for the photo. Plaintiff's failure to receive a card put her on notice that she was being treated differently. *See Washington v. Autozoners, Inc.*, 452 F.Supp.2d 546, 552-53 (D. Del. 2006) (promotions of employees other than plaintiff were discrete acts of discrimination, and could not support a claim pursuant to Title VII because they occurred more than 300 days before plaintiff filed a charge). Moreover, Dolan, Vice President of the PMTA had already informed Plaintiff that she would probably not receive a card because she did not remove her head scarf for the photograph. Therefore, there was certainly no mystery as to why Plaintiff had not received a card. Finally, Plaintiff manifested her knowledge of this disparate treatment by contacting both Dolan and the executive board of the ILA regarding the fact that she had not received a photo identification card. Clearly, Plaintiff's claim accrued in 2004, at least 488 days before she filed her charge on May 3, 2006.

Nevertheless, in a transparent attempt to make this time-barred claim timely, Plaintiff alleges that on or about September 6, 2005, at least nine months after the photo identification cards were distributed, she received a copy of a facsimile addressed to Dolan from William M. Spelman, Esquire dated May 13, 2005, in which Mr. Spelman indicated that a

8

longshoreman could be required to remove all headwear when that person has a photograph taken. Complaint, ¶¶ 27-28. First, this event does not constitute a discrete discriminatory act. A facsimile to Dolan containing someone else's opinion as to what the Contract Board could do, does not constitute an allegedly discriminatory act by the Contract Board. Rather the alleged discriminatory "act" occurred at least nine months before when Plaintiff was denied a photo identification card, not when Plaintiff received correspondence that included someone's statement that the Contract Board could perform the act it had already performed. Second, as discussed above, Plaintiff's receipt of the facsimile does not constitute notice that she was being discriminated against. She clearly was on notice and believed she was being discriminated against over nine months before when she was not given a card, as Dolan had previously indicated to her would probably be the case. Plaintiff confirmed her belief by complaining to both Dolan and the executive board of the ILA Local. For both these reasons, Plaintiff's receipt of a facsimile on September 6, 2005 can not be used to squeeze her untimely claim into the statutory limitations period.

In addition, to the extent Plaintiff alleges that the continued failure of the Contract Board to issue her a photo identification card, or to promote her, makes her claim timely, her claim must be dismissed. Plaintiff must allege with precision specific incidents of discrimination, and cannot rely on any continuing adverse effects of past discrimination. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162 (2007). In *Ledbetter*, the Supreme Court held, "the EEOC charging period is triggered when a discrete unlawful practice takes place. A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting

9

from the past discrimination." *Id.* at 2169. The specific incident of discrimination alleged by Plaintiff is the Contract Board's denial to her of a photo identification card. According to the Complaint, that act occurred, and Plaintiff had knowledge of it, in 2004. Plaintiff alleges no other specific acts of discrimination, but only the continuing effects of an act that took place in 2004. Thus, because the Plaintiff fails to allege with specificity any precise incidents of discrimination occurring within the 300-day period, the claim must be dismissed.

Even when the Complaint is construed in the light most favorable to the plaintiff, no alleged incident constituting discrimination occurred within the 300-day statute of limitations period. Accordingly, this Court should dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

## VI. **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

BY: *(signature)*
Jennifer M. Becnel-Guzzo (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant*

Dated: May 1, 2008

11

#1011813-v1